UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. HENDRICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:15-cv-00304-M |
| | § | |
| BOY SCOUTS OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint [Docket Entry #14] filed by Defendant the Boy Scouts of America ("BSA"). For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

This is a race and gender discrimination and retaliation lawsuit brought by Plaintiff Michael J. Hendricks ("Hendricks"), an African-American male, against his employer, the BSA. In his First Amended Complaint, which is the live pleading in this action,[1] Hendricks alleges that his supervisor, Lisa Young, discriminated against him on the basis of his race and gender and created a hostile work environment for him by increasing his workload and denying him assistance, thereby setting him up for failure, and then giving him negative performance reviews. *See* Pl. First Am. Compl. [Docket Entry #13] at 7, ¶ 29 & 9, ¶ 34. Hendricks further alleges that Young twice failed to promote him to the "Team Lead, HRIS" position because she did not want

---

[1] On May 7, 2015, the Court granted the BSA's Motion to Dismiss directed to the Original Complaint filed in this action and gave Hendricks leave to amend his pleadings in conformity with the requirements of the Federal Rules. *See* Order [Docket Entry #11].

1

a black man reporting to her. *See id.* 6-7, ¶¶ 25-27 & 8-9, ¶¶ 31-33. In the first instance, Young allegedly promoted a less-experienced, less-qualified white or Hispanic man instead of Hendricks. *Id.* at 8, ¶¶ 31-32. In the second instance, Young allegedly manipulated the hiring process, holding the position open to seek other candidates after rejecting Hendricks's application, and ultimately eliminating the position rather than promote Hendricks. *Id.* at 9, ¶ 33. Hendricks alleges that he complained to the BSA's legal department and filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 10, ¶ 34. Thereafter, Young allegedly retaliated against Hendricks by implementing daily meetings to review his work, instituting a new policy prohibiting personal computers in the work place, which affected only Hendricks, and giving him a negative evaluation on his annual review. *Id.* at 10, ¶ 34. Based on this alleged conduct, Hendricks filed suit in federal court alleging claims for (1) race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code § 21.001, *et seq.*; (2) "disparate treatment" employment discrimination; (3) "disparate impact" employment discrimination; (4) hostile work environment; (5) retaliation; and (6) failure to promote. *Id.* at 14-27, ¶¶ 50-156. Hendricks seeks damages, as well as injunctive relief.

The BSA moves to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(6) on the ground that Hendricks has failed to sufficiently allege any claim upon which relief can be granted. The BSA seeks dismissal with prejudice because Hendricks has already been granted leave to amend his pleadings. Hendricks opposes the Motion and contends that the BSA subjects his pleadings to a heightened standard. He asserts that the First Amended Complaint is sufficient

to satisfy the minimal requirements of the Federal Rules. The issues have been fully briefed, and the Motion is ripe for determination.

## II.     LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court need not, however, "accept the plaintiff's legal conclusions as true." *Thompson*, 764 F.3d at 502 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lone Star Nat'l Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013) (quoting *Highland Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012)). "Plausible" does not mean "probable," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.    ANALYSIS

Hendricks brings his claims for discrimination and retaliation under Title VII, § 1981, and the TCHRA. However, claims for gender-based discrimination are not cognizable under

Section 1981.  *See Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981).  The BSA's Motion is therefore **GRANTED** with respect to Hendricks's claim for gender discrimination under Section 1981.  The law governing Hendricks's remaining claims is substantially the same.  *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403–4 n. 2 (5th Cir. 1999).  Therefore, the Court refers only to Title VII in this opinion.

The gravamen of the BSA's Motion is that Hendricks has failed to assert specific factual allegations to support various elements of his legal claims.  In particular, the BSA contends that Hendricks's hostile work environment claim fails because the First Amended Complaint does not list any specific factual allegations regarding harassment that impacts a term, condition, or privilege of employment.  The BSA also contends that Hendricks's disparate impact claim fails because the First Amended Complaint fails to provide any details regarding the content or application of facially-neutral BSA policies or explain how or why the identified policies have a disproportionate impact on African-American males.  The BSA further argues that Hendricks's disparate treatment and failure to promote claims fail because the First Amended Complaint does not sufficiently allege all the elements of a prima facie case of discrimination.  Among other things, the BSA argues that the First Amended Complaint fails to specifically allege that Hendricks suffered an "ultimate" adverse employment action or that similarly situated employees outside the protected class were treated more favorably.

Hendricks disputes that the law requires him to plead all the elements of a prima facie case of discrimination.  Indeed, Title VII cases are not subject to a heightened pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  A plaintiff is not required to plead a prima facie case of discrimination in his complaint to survive a Rule 12(b)(6) motion.  *See id.*, at 508; *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); *Lewis v. LSG Sky Chefs*,

2015 WL 935125, at *4 (N.D. Tex. Mar. 4, 2015) (Lynn, J.).  Rather, a plaintiff need only plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014).  Thus, in a Title VII case, a plaintiff must simply allege enough facts to plausibly suggest that his employer discriminated against him due to his membership in a protected group.  *Gallentine v. Housing Auth. of City of Port Arthur*, 919 F. Supp. 2d 787, 804 (E.D. Tex. 2013).

### A.  Race and Gender Discrimination Claims

#### 1.  Hostile Work Environment

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 328 (5th Cir. 2009).  To determine whether a work environment is "hostile," a court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000)).  To state a claim for relief, Hendricks must plead facts that allow the Court to reasonably infer that the alleged harassment was sufficiently severe to alter the conditions of his employment and create an abusive working environment.  *Stone v. La. Dept. of Revenue*, 590 F. App'x 332, 340-41 (5th Cir. 2014).

Hendricks alleges that Young and the BSA created a hostile work environment for him by reducing the headcount in his department, assigning him additional projects, increasing his workload, and denying him assistance with his workload.  *See* Pl. First Am. Compl. at 7, ¶ 29 &

5

9, ¶ 34. He also alleges that, after he filed his EEOC charge, Young required him to attend daily meetings to review his work, instituted a new policy that prohibited him from using his personal computer in the work place, and gave him a negative evaluation on his annual review. *Id.* at 10, ¶ 34. This conduct, however, is not sufficiently severe or pervasive to state a hostile work environment claim. *See, e.g., Lara v. Kempthorne*, 673 F. Supp. 2d 504, 521 (S.D. Tex. 2009) (actions in admonishing former employee for using his personal radio at his desk, conducting his yearly performance review via telephone, denying his requests for coaching and training, and not granting his request for vacation leave until day before his vacation was to start were not actionable as harassment in employee's Title VII hostile work environment claim). Hendricks further claims that he was subjected to "ridicule, insults, rumors and innuendos." *id.* at 19, ¶¶ 106, 107, but he fails to describe any specific incident. He similarly fails to allege facts that would support an inference that the conduct of which he complains was motivated by his race or gender or was physically threatening or humiliating. Accordingly, the BSA's Motion to Dismiss Hendricks's hostile work environment claim is **GRANTED.**

### 2. Disparate Impact

Disparate impact claims focus on facially neutral employment practices that create such statistical disparities disadvantaging members of a protected group that they are "functionally equivalent to intentional discrimination." *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 987 (1988). To sufficiently plead a disparate impact claim, Hendricks must allege facts to show that specific practices disproportionately affected a protected group and that the disparity cannot be justified by business necessity. *See* 42 U.S.C. § 2000e–2(k)(1)(A)(i). Although Hendricks identifies in his First Amended Complaint several alleged discriminatory practices, including "a policy of using results of performance reviews" and "written policies aimed at [Hendricks] like

the non-use of non-company computers in the work place," "progressive discipline," and "coaching for success," *see* Pl. First Am. Compl. at 13, ¶ 98, he fails to allege that any statistical disparity adverse to males or African-Americans resulted from those policies. Hendricks has thus failed to state a claim for race or gender discrimination under a disparate impact theory, and the BSA's Motion is **GRANTED** with respect to those claims.

### 3. Disparate Treatment/Failure to Promote

To sufficiently plead a disparate treatment claim, Hendricks must allege facts to show that the BSA treated him less favorably than some other employee because of his race or gender. *See* 42 U.S.C. § 2000e–2(a)(1). Disparate treatment is actionable if it involves an "ultimate employment decision," such as hiring, firing, demoting, promoting, granting leave, or awarding compensation. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007). The only actionable adverse employment action Hendricks identifies in the First Amended Complaint is the BSA's alleged failure to promote him to the Team Lead, HRIS position. *See Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000) (noting that a failure to promote constitutes an adverse employment action).

Title VII makes it unlawful for an employer to fail or refuse to promote an individual because of his race or gender. *See* 42 U.S.C. § 2000e-2(a)(1). To state a claim for discriminatory failure to promote, Hendricks must allege facts sufficient to show that (1) he is a member of a protected class, (2) he sought and was qualified for an available employment position, (3) he was rejected for that position, and (4) the BSA promoted or continued to seek other individuals not in the protected class. *McMullin v. Miss. Dep't of Public Safety*, 782 F.3d 251, 258 (5th Cir. 2015).

7

In the First Amended Complaint, Hendricks alleges that his supervisor twice failed to promote him to the Team Lead, HRIS position because she did not want a black man reporting to her. *See* Pl. First Am. Compl. at 6-7, ¶¶ 25-27 & 8-9, ¶¶ 31-33. According to Hendricks, he was qualified for the promotion because he had a master's degree and over four-and-half years of experience with the BSA. *See id.* at 1, ¶ 1 & 26, ¶¶ 148-49. When the position first became available in 2010, Young allegedly promoted a less-experienced, less-qualified white or Hispanic man instead of Hendricks. *Id.* at 8, ¶¶ 31-32. When the position opened again in 2014, Young allegedly manipulated the hiring process and held the position open to seek other candidates after rejecting Hendricks's application. *Id.* at 9, ¶ 33. Ultimately, she eliminated the position rather than promote Hendricks. *Id.* These allegations are sufficient to state a claim for disparate treatment discriminatory failure to promote.

Contrary to the BSA's argument, Hendricks need not, at this stage of the litigation, provide specific details about the job requirements of the Team Lead, HRIS position or explain how his experience matches those qualifications. Nor does his claim fail because he alleges that the BSA did not promote anyone to the Team Lead, HRIS position in 2014. A plaintiff may prevail on a failure to promote claim if he can show that he applied for an available position for which he was qualified and that he was rejected under circumstances which give rise to an inference of discrimination. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). There are many circumstances which may give rise to an inference of discrimination, such as when—as Hendricks alleges—the position for which the plaintiff was rejected remains open and the employer continues to seek applicants not in the protected class to fill it. *McMullin*, 782 F.3d at 258 (noting that the fourth element of failure to promote claim can be established by showing that the employer either promoted *or* continued to seek other individuals not in the protected

8

class). Additionally, an inference of discrimination may arise under circumstances where the plaintiff demonstrates that his employer eliminated a position in order to avoid having to promote the plaintiff due to his race or gender. *See Aurelien v. Henry Schein, Inc.*, 2009 WL 366148, at *13 (E.D.N.Y. Feb. 12, 2009) (genuine issues of material fact existed where evidence showed race was a motivating factor in employer's decision to eliminate position rather than promote plaintiff).

Even if Hendricks has alleged sufficient facts to state a claim for relief, he must further demonstrate that he exhausted his administrative remedies before he can pursue his claim in federal court. 42 U.S.C. § 2000e–5(e)(1). Title VII requires that an employee file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory practice. *See E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 901 F. Supp. 2d 810, 822 (N.D. Tex. 2012). In the First Amended Complaint, Hendricks alleges that he filed his first charge with the EEOC on November 25, 2014 and his second charge on December 1, 2014. Pl. First Am. Compl. at 12, ¶¶ 40-41. Hendricks thus admits that he did not file a charge with the EEOC within 300 days of the BSA's failure to promote him in 2010, and his claims based on that conduct are barred, unless he can demonstrate a factual basis to toll the 300-day period. *Blumberg v. HCA Mgmt. Co., Inc.*, 848 F.2d 642, 644 (5th Cir. 1988). Hendricks argues that the "continuing violations" doctrine justifies tolling the actionable period. However, the continuing violations doctrine does not apply to discrete acts of discrimination, such as a discrete failure to promote. *Woods v. Lancaster Indep. Sch. Dist.*, 834 F. Supp. 2d 512, 516 (N.D. Tex. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–117 (2002)) (citing *Morgan*, 536 U.S. at 113). Hendricks's claims arising from the alleged 2010 failure to promote him are therefore barred by his failure to timely exhaust administrative remedies.

The BSA's Motion to Dismiss Hendricks's disparate treatment and failure to promote claims is **GRANTED** in part and **DENIED** in part. The Motion is granted with respect to Hendricks's claims arising from any alleged adverse employment action other than the failure to promote him to the Team Lead, HRIS position in 2014.

### B. Retaliation

Title VII also prohibits retaliation against employees who engage in protected conduct. *See* 42 U.S.C. § 2000e-3(a). To state a claim for retaliation in violation of Title VII, Hendricks must allege that the BSA took an adverse employment action against him in retaliation for his engaging in protected conduct. *See Stone*, 590 F. App'x at 341. According to the BSA, Hendricks has not adequately alleged that he engaged in conduct protected by Title VII or that a causal connection exists between any alleged protected conduct and an adverse employment action.

In the First Amended Complaint, Hendricks alleges that he complained of unlawful discrimination by, among other things, filing a charge of discrimination with the EEOC, and that after his employer received notice of his EEOC charges, Young retaliated against him by "micromanaging" his work through required daily meetings, prohibiting him from using his personal computer in the workplace, and giving him a poor performance review that negatively affected his opportunities for advancement, merit raises, and bonuses. Pl. First Am. Compl. at 10-11, ¶¶ 34, 35. Hendricks filed his EEOC charges on November 25, 2014 and December 1, 2014; the BSA allegedly received notice of the charges on December 8, 2014. *Id.* at 12, ¶¶ 40-42. Young gave Hendricks a negative year-end review for 2014, and Hendricks submitted his response and objection to that review on February 20, 2015. *Id.* at 11, ¶ 34. Filing a charge of discrimination with the EEOC clearly constitutes protected activity, *Haire v. Bd. of Supervisors*

*of La. State Univ.*, 719 F.3d 356, 367 (5th Cir. 2013), and the temporal proximity between that protected activity and the alleged retaliatory conduct that followed is sufficient to allege a causal connection, *see Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (recognizing that close temporal proximity may be adequate to establish a prima facie case of retaliation). Thus, Hendricks has alleged facts sufficient to state a claim for retaliation.

In its Reply, the BSA asserts for the first time that Hendricks's retaliation claim must be dismissed because the First Amended Complaint fails to allege any actionable retaliatory conduct. The Court generally does not consider new arguments made in a reply brief. *Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 2719884, at *4 (N.D. Tex. Sept. 18, 2007) (Fitzwater, J.). If it did, however, the BSA's new argument would fail. Conduct that constitutes an adverse employment action is broader for purposes of a retaliation claim than for a discrimination claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In the context of a retaliation claim, an actionable adverse employment action is any action that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Id.*; *see also McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Here, Hendricks alleges, among other things, that Young retaliated against him by giving him a poor performance review, which negatively affected his opportunities for advancement, merit raises, and bonuses. Pl. First Am. Compl. at 10-11, ¶¶ 34, 35. This assertion is sufficient to allege an adverse action for purposes of stating a retaliation claim. *Cothran v. Potter*, 2010 WL 1062564, at *6 (N.D. Tex. Mar. 22, 2010), *aff'd*, 398 F. App'x 71 (5th Cir. 2010) (holding that negative performance review that resulted in loss in pay constituted an adverse employment action in context of relation claim). Therefore, the BSA's Motion to Dismiss Hendricks's retaliation claims is **DENIED.**

## IV.   CONCLUSION

The BSA's Motion to Dismiss Plaintiff's First Amended Complaint [Docket Entry #14] is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** with respect to Hendricks's claims for (1) gender-based discrimination in violation of 42 U.S.C. § 1981; (2) "disparate impact" race and gender discrimination; and (3) "disparate treatment" race and gender discrimination, other than his claim arising out of the BSA's alleged failure to promote him to the Team Lead, HRIS position in 2014.  Those claims are **DISMISSED** with prejudice.  *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir.1986) (holding that leave to amend a second time is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"); *Jacquez v. Procunier*, 801 F.2d 789, 791(5th Cir.1986) (holding that leave to amend is not required where it is clear that the plaintiff has already pleaded his "best case").  The Motion is also **GRANTED** with respect to Hendricks's hostile work environment claim.  However, that claim is **DISMISSED** without prejudice.  The Court will allow Hendricks to amend his complaint one last time to allege, if he can, facts sufficient to state a plausible claim for hostile work environment consistent with this Memorandum Opinion and Order.

The Motion is **DENIED** with respect to Hendricks's disparate treatment and failure to promote claims arising out of the BSA's alleged failure to promote him to the Team Lead, HRIS position in 2014 and his claims for retaliation.

**SO ORDERED**.

September 16, 2015.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS